UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CARL JEFFREY PAYNE,

     Plaintiff,

v.                                     Case No:  5:15-cv-517-Oc-30PRL

J.B. HUNT TRANSPORT, INC.,

     Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Remand (Doc. 6), Defendant's response in opposition thereto (Doc. 8), Defendant's Motion to Dismiss, or Alternatively, Motion to Strike (Doc. 3), and Plaintiff's response in opposition thereto (Doc. 11).  The Court, having reviewed the motions and responses, and being otherwise fully advised in the premises, concludes that both Plaintiff's motion to remand and Defendant's motion to dismiss should be denied.

## BACKGROUND

Plaintiff Carl Jeffrey Payne initiated this action on August 11, 2015, in the Fifth Judicial Circuit in and for Lake County, Florida, arising from injuries sustained by Plaintiff while he was employed by Defendant.  (Doc. 1).  Plaintiff originally filed a claim for workers' compensation benefits, but Defendant and its insurance carrier denied the claim. (Doc. 2 at 2).  Plaintiff elected to dismiss his claim for workers' compensation benefits and

instead filed a claim for negligence against Defendant.  (*Id.*).  Defendant removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, asserting that the parties are completely diverse and that the amount in controversy exceeds $75,000. (Doc. 1).  In response, Plaintiff filed a motion to remand arguing that Defendant has not established an amount in controversy greater than $75,000.  (Doc. 6).  Plaintiff also contends that even if Defendant could establish an amount in controversy greater than $75,000, the case should be remanded under 28 U.S.C. § 1445(c) because Plaintiff's claim arises under Florida's Workers' Compensation Law ("FWCL"), Fla. Stat. §§ 440.01-.60. (*Id.*).

On the other hand, Defendant asserts remand is not necessary because the extent of Plaintiff's claimed injuries are sufficient to satisfy the amount in controversy and Plaintiff's claim does not arise under the FWCL.  (Doc. 8).  Defendant, however, seeks dismissal of Plaintiff's complaint, arguing that his claim for negligence does not fall within the narrowly prescribed exceptions to the FWCL allowing an employee to pursue a common law action and therefore the workers' compensation scheme is Plaintiff's exclusive remedy.  (Doc. 3). Alternatively, Defendant seeks to strike the portions of Plaintiff's complaint asserting that Defendant is not entitled to assert certain affirmative defenses and that Plaintiff's claim is nonremovable under §1445(c).  (*Id.*).

## DISCUSSION

### A.  Motion to Remand

Plaintiff seeks remand of this action to the Fifth Judicial Circuit in and for Lake County, Florida, on the basis that (1) Defendant has not established an amount in

controversy greater than $75,000, and (2) Plaintiff's claim is nonremovable pursuant to § 1445(c).

**1. Amount in Controversy**

Where the alleged basis for federal jurisdiction is diversity under § 1332, as it is in this case, the removing defendant has the burden of demonstrating (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). The parties do not dispute that complete diversity of citizenship exists. Rather, the issue is whether Defendant has established that the amount in controversy exceeds $75,000.

When damages are not specified in the state-court complaint, the defendant seeking removal must prove by a preponderance of the evidence that "the amount in controversy more likely than not exceeds . . . the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks omitted). However, a removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

In determining the amount in controversy, the court should first look to the complaint. *Id.* If the amount is unascertainable from the complaint, the court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed," including evidence submitted in response to the motion to remand. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001). In *Pretka v. Kolter City Plaza II, Inc.*, the Eleventh Circuit held that a party seeking to remove a case to federal

3

court within the first thirty days after service is not restricted in the types of evidence it may use to satisfy the jurisdictional requirements for removal.[1]   608 F.3d at 770-71.   This evidence may include the removing defendant's own affidavit, declaration, or other documentation.   *Id.* at 755.   Moreover, district courts are permitted to make "reasonable deductions" and "reasonable inferences," and need not "suspend reality or shelve common sense in determining whether the face of the complaint . . . establishes the jurisdictional amount."   *Id.* at 770 (internal quotation marks omitted).   "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."   *Roe*, 613 F.3d at 1062.

Plaintiff made an unspecified demand for damages; the complaint simply states that Plaintiff's damages exceed $15,000.   (Doc. 2).   But Defendant contends that it is apparent from the number and type of damages sought by Plaintiff that the amount in controversy is greater than $75,000.   (Doc. 8).   Specifically, Plaintiff alleges that he "suffered severe injuries and other damages as a result of [Defendant's] negligence . . . , including a left hallux amputation, and was further injured in about his body and extremities, suffered pain therefrom, incurred medical expenses in the treatment of the injuries and suffered physical handicap and his working ability [was] significantly impaired.   [He also] . . . suffered mental anguish, and the loss of capacity for the enjoyment of life.   The injuries are either permanent or continuing in their nature and . . . Plaintiff will suffer the losses and

---

[1]Defendant was served with the complaint on September 4, 2015, and filed its notice of removal on October 5, 2015.   (Doc. 1).   Thus, Defendant falls within the requisite thirty-day window and is not restricted in the evidence it may rely upon in proving the jurisdictional amount.

impairments in the future."  (Doc. 2 at 4).  Such allegations, standing alone, would be insufficient to meet Defendant's burden.  *See Williams*, 269 F.3d at 1319-21 (concluding that allegations that the plaintiff tripped on a curb and sustained permanent physical and mental injuries, incurred substantial medical expenses, suffered lost wages, and experienced a diminished earnings capacity were insufficient, standing alone, to establish the amount in controversy by a preponderance of the evidence).

However, in addition to Plaintiff's allegations, Defendant has also provided trial verdicts and settlements from cases alleging similar injuries to those sustained by Plaintiff where the amount in controversy exceeded the jurisdictional threshold.  Defendant has provided three examples of jury verdicts or settlements involving claims of negligence involving amputation or severe injury to the hallux or big toe and resulting damage awards greater than $75,000.  (Doc. 8, Ex. 1) (listing Florida cases resulting in settlements or jury verdicts in the amounts of $180,000, $150,000, and $195,286).  These settlements and jury verdicts along with the allegations of Plaintiff's complaint demonstrate that it is more likely than not that the amount in controversy exceeds $75,000.  *See Mullaney v. Endogastric Solutions, Inc.*, No. 11-62056-CIV, 2011 WL 4975904, at *2 (S.D. Fla. Oct. 19, 2011) (relying on jury verdicts and settlements in conjunction with the allegations of the plaintiff's complaint in determining that the defendant established the amount in controversy by a preponderance of evidence).  Diversity jurisdiction therefore exists and Plaintiff is not entitled to remand on this ground.

### 2. Workers' Compensation

Plaintiff contends that even if the Court has subject matter jurisdiction over his claim, the case should be remanded in accordance with § 1445(c) because Plaintiff's claim arises under the FWCL. (Doc. 6 at 4-7). Section 1445(c) provides that a civil action filed in state court arising under that state's workmen's compensation laws is nonremovable.

Although the Eleventh Circuit has not directly addressed the meaning of "arising under" pursuant to § 1445(c), most courts to have addressed this question have held that "arising under" in the context of § 1445(c) shares the same definition as "arising under" in the context of federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991); *Lomeli v. HD Supply, Inc.*, No. 15-07759 SJO (SHx), 2015 WL 6775919, at *4 (C.D. Cal. Nov. 6, 2015) ("Although Congress did not define what 'arising under' means in the Section 1445(c) context, all courts to have addressed the issue agree that 'arising under' in [Section] 1445(c) means the same thing as it does in 28 U.S.C. § 1331." (internal quotation marks omitted)). In other words, "arising under" means the law either creates the cause of action or is a necessary element of the claim. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Jones*, 931 F.2d at 1092; *Lomeli*, 2015 WL 6775919, at *4.

By his complaint, Plaintiff asserts that he sustained injuries as a result of Defendant's negligence. (Doc. 2 at 1-2). Plaintiff contends that his claim "arises under" Florida Statutes § 440.06 and § 440.11(1). Florida Statute § 440.06 provides:

> Every employer who fails to secure the payment of compensation . . . by
> failing to meet the requirements of s. 440.38 may not, in any suit brought
> against him or her by an employee subject to this chapter to recover damages

6

for injury or death, defend such a suit on the grounds that the injury was caused by the negligence of a fellow servant, that the employee assumed the risk of his or her employment, or that the injury was due to the comparative negligence of the employee.

Similarly, Florida Statute § 440.11(1)(a) provides,

The liability of an employer . . . shall be exclusive and in place of all other liability, including vicarious liability, of such employer to any third-party tortfeasor and to the employee . . . at law or in admiralty on account of such injury or death, except . . . [i]f an employer fails to secure payment of compensation as required by this chapter, an injured employee . . . may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death.  In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow employee, that the employee assumed the risk of the employment, or that the injury was due to the comparative negligence of the employee.

Plaintiff's assertion that his claim "arises under" Florida Statutes § 440.06 and § 440.11(1) is misplaced.  Review of the plain language of these statutes demonstrates that they do not create Plaintiff's cause of action.  Rather, Florida Statute § 440.06 merely precludes an employer from asserting certain defenses to an action at law if it fails to secure payment of compensation as required by the FWCL and an employee is forced to resort to common law remedies.  Likewise, Florida Statute § 440.11(1)(a) provides that the workers' compensation scheme is the exclusive remedy for an injured employee unless the employer fails to obtain compensation as required under the FWCL.  In the event an employer fails to obtain the requisite coverage, an employee can institute an action at law and an employer is precluded from asserting certain defenses.  Fla. Stat. § 440.11(1)(a).

On their face, these statutes do not *create* a cause of action that usurps a traditional common law action.  Nor do these statutes operate as a necessary element to a tort claim

for negligence.  Rather, these statutes merely permit an employee to bring a traditional common law action in lieu of proceedings under the FWCL and modify the common law action by depriving an employer of certain defenses for failure to comply with the FWCL. Accordingly, Plaintiff's claim is merely one for common law negligence and does not arise under the FWCL as contemplated by § 1445(c).[2]  *See Mayes v. Home Depot USA, Inc.*, No. 4:15-CV-02390, 2015 WL 9319238, at *1-2 (S.D. Tex. Dec. 23, 2015) (finding that an employee's tort claim against an employer who failed to comply with a Texas workers' compensation law similar to that of Florida's arises under the common law and not under the workers' compensation laws); *see also Hernandez v. Gregory Land Dev. II, LLC*, No. 09-61173-CIV, 2009 WL 3334322, at *1 (S.D. Fla. Oct. 15, 2009) (concluding that the plaintiff's negligence claim did not arise under the FWCL).  Plaintiff is therefore not entitled to remand on this ground either.

**B.  Motion to Dismiss & Request to Strike**

Defendant seeks to dismiss Plaintiff's complaint arguing that the FWCL is Plaintiff's exclusive remedy because Plaintiff asserts that his claim is one for workers' compensation benefits.  (Doc. 3 at 4).  Alternatively, Defendant seeks to strike paragraphs 7 and 8 of the complaint.  (*Id.*).

### 1.  Motion to Dismiss

The FWCL, Fla. Stat. §§ 440.01-.60, "'protects workers and compensates them for injuries in the workplace, without examination of fault in the causation of the injury.'"

---

[2]Interestingly, in his response to Defendant's motion to dismiss, Plaintiff admits that his claim is not a claim for workers' compensation benefits, but is instead a common law claim.  (Doc. 11 at 4).  Although not dispositive of the issue of whether his claim "arises under" the FWCL, it is nevertheless telling.

*Feraci v. Grundy Marine Constr. Co.*, 315 F. Supp. 2d 1197, 1204 (N.D. Fla. 2004) (quoting *Gerth v. Wilson*, 774 So. 2d 5, 6 (Fla. 2d DCA 2000)).  For those who fall within the statute's purview, "workers' compensation is the exclusive remedy for the 'accidental injury or death arising out of work performed in the course and the scope of the employment.'"  *Turner v. PCR, Inc.*, 754 So. 2d 683, 686 (Fla. 2000) (quoting Fla. Stat. § 440.09(1)).  The exclusivity of the FWCL is subject to two narrow exceptions enumerated by Florida Statute § 440.11(1), which includes the failure to secure compensation as discussed above.  Fla. Stat. § 440.11(1)(a)-(b).

Defendant argues that to the extent Plaintiff's action arises under the FWCL, his claim must be pursued under the workers' compensation scheme, which is Plaintiff's exclusive remedy.  (Doc. 3 at 4).  As discussed with regard to Plaintiff's motion to remand, Plaintiff's claim does not arise under the FWCL.  Moreover, Plaintiff concedes that his claim is an action at law and not an action to recover workers' compensation benefits.  (Doc. 11 at 4).  Defendant's argument therefore fails in this regard.  To the extent that Defendant contends that it is entitled to workers' compensation immunity, Defendant's argument is premature.

In Florida, an employer can assert the exclusivity of the FWCL, typically referred to as workers' compensation immunity, as an affirmative defense.  *See Roberts v. Cadco Builders, Inc.*, 694 So. 2d 845, 846 (Fla. 2d DCA 1997).  But "[i]t is the general rule that workers' compensation immunity . . . cannot be raised in a motion to dismiss."  *Id.* (citing *Eiler v. Camp Dresser & McKee, Inc.*, 542 So. 2d 441 (Fla. 5th DCA 1989); *Walker v. I.T.D. Indus., Inc.*, 437 So. 2d 230 (Fla. 2d DCA 1983)).  Workers' compensation immunity

may only be raised on a motion to dismiss if the defense is apparent from the face of the complaint. *Id.*

Presently, there is insufficient information available for the Court to determine whether Defendant is entitled to workers' compensation immunity.  Namely, neither party has described on what ground Defendant denied Plaintiff workers' compensation benefits. *See Picon v. Gallagher Bassett Servs., Inc.*, 548 F. App'x 561, 565-73 (11th Cir. 2013) (summarizing Florida cases discussing the workers' compensation immunity defense). Whether Defendant is entitled to workers' compensation immunity is a question better left for resolution on summary judgment since it is not apparent from the face of the complaint whether the defense applies.  Defendant's argument is therefore premature and dismissal is not warranted.

### 2.  Request to Strike

Alternatively, Defendant argues that if Plaintiff's claim for negligence is permitted to proceed, paragraphs 7 and 8 of the complaint should be stricken.  (Doc. 3 at 4). Paragraph 7 alleges that Defendant is precluded from raising certain affirmative defenses in accordance with Florida Statutes § 440.06 and § 440.11(1)(a).  (Doc. 2 at 2).  Paragraph 8 alleges that Plaintiff's action is nonremovable pursuant to § 1445(c).  (*Id.* at 3).

Pursuant to Federal Rule of Civil Procedure 12(f), a party may move to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter."  But striking an allegation from a pleading is an extreme measure and will rarely be granted.  *See Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) ("A motion to strike is a drastic remedy . . . which is disfavored by the courts." (internal quotation

marks omitted)).  Generally, a motion to strike will "be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997).

As to paragraph 7, Defendant contends that it secured coverage for compensation as required by the FWCL so the proscription on certain affirmative defenses contained in Florida Statutes § 440.06 and § 440.11(1)(a) is inapplicable.  Florida Statute § 440.38 lists the permitted ways an employer can secure the payment of compensation as required under the FWCL.  Generally, an employer secures payment of compensation by (1) "insuring and keeping insured the payment of such compensation with any stock company or mutual company or association or exchange, authorized to do business in the state," or (2) "furnishing satisfactory proof . . . that it has the financial strength necessary to ensure timely payment of all current and future claims."  Fla. Stat. § 440.38(1)(a)-(b).

Plaintiff admits that his claim is not based upon Defendant's failure to secure workers' compensation coverage.  (Doc. 11 at 8).  Rather, Plaintiff concedes that his claim is based on Defendant's failure to provide workers' compensation benefits.  (*Id.*). Although, it would appear that the prohibitions contained within Florida Statutes § 440.06 and § 440.11(1)(a) would not apply, Defendant is nevertheless free to assert any affirmative defense it believes is applicable.  The allegations of Plaintiff's complaint are not binding on Defendant or this Court.  To the extent Defendant believes it may assert these affirmative defenses, Defendant is free to do so.

Likewise, Plaintiff's assertion in paragraph 8 that § 1445(c) applies is not binding upon Defendant or this Court, and Defendant is free to argue otherwise, as demonstrated

by Defendant's arguments raised in its response in opposition to Plaintiff's motion to remand.

Paragraphs 7 and 8 are not prejudicial to Defendant. Therefore, striking these paragraphs would serve no legitimate purpose and is unwarranted.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Remand (Doc. 6) is DENIED.

2. Defendant's Motion to Dismiss, or Alternatively, Motion to Strike (Doc. 3) is DENIED.

3. Within twenty-one (21) days of the date of this Order, Defendant shall answer or otherwise file a response to Plaintiff's complaint.

**DONE** and **ORDERED** in Tampa, Florida, this 4th day of January, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record