# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

CARL JEFFREY PAYNE,

    Plaintiff,

v.                                                                                                              Case No: 5:15-cv-517-Oc-30PRL

J.B. HUNT TRANSPORT, INC.,

    Defendant.

## ORDER

THIS CAUSE comes before the Court on Defendant's Amended Motion to Tax Costs (Doc. 48). Plaintiff failed to respond to the Motion. Having reviewed the Motion, relevant law, and being otherwise fully advised in the premises, the Court concludes the Motion should be granted in part.

## PROCEDURAL BACKGROUND

This case arises out of Defendant's denial of Plaintiff's 2014 workers' compensation claim. After Defendant denied coverage, Plaintiff filed a petition in the Office of the Judges of Compensation Claims. Defendant responded to the petition by denying that Plaintiff was owed workers' compensation benefits. After Plaintiff received the response to his petition, he dismissed the petition and filed the instant negligence suit against Defendant. The Court granted summary judgment in favor of Defendant concluding Defendant had workers' compensation immunity from Plaintiff's tort lawsuit.

## STANDARD FOR AWARDING COSTS

Federal Rule of Civil Procedure 54(d)(1) prescribes an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. *See Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010) (stating that Rule 54 establishes a presumption that costs should be awarded unless the district court decides otherwise (citing *Chapman v. Al Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000))). A strong presumption exists in favor of awarding costs. *See Durden*, 2010 WL 2105921, at *1; *see also Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). The district court's discretion in not awarding all costs is limited; the district court must articulate a sound reason for not awarding full costs. *See Chapman*, 229 F.3d at 1038-39; *Durden*, 2010 WL 2105921, at *1. "However, a court may only tax costs as authorized by statute." *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Specifically, pursuant to 28 U.S.C. section 1920, the following may be taxed as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under [28 U.S.C. § 1923]; [and]
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

*See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines

the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)). The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

## **DISCUSSION**

Defendant seeks reimbursement for $6,836.40 in costs it says it incurred related to this action. The $6,836.40 comprises the following: (1) $400 for cost of removal to federal court; (2) $1,194.80 for cost of transcripts necessarily obtained for use in this case; (3) $13.80 for costs of copies of papers necessarily obtained for use in this case; (4) $1,180.80 for cost of the mediation conference; (5) $3,530.95 for the cost of an expert witness; and (5) $561.05 for cost of obtaining copies of Plaintiff's medical records from non-parties. Defendant also seeks post-judgment interest.

The Court concludes that Defendant is entitled to the costs for several—but not all—of the categories it seeks. Specifically, Defendant is entitled to $2,169.65 for the following costs: the $400 cost of removal; the $1,194.80 cost of transcripts used to support its summary judgment motion; the $13.80 cost of printing pleadings and other filings; and the $561.05 cost of copies of Plaintiff's medical records. Defendant is also entitled to post-judgment interest accruing at the legal rate from the date judgment was entered.

That said, Defendant is not entitled to the costs in the remaining two categories. This Court has previously explained mediation costs are not recoverable under section 1920.

3

*Lane v. G.A.F. Material Corp.*, 8:11-CV-2851-T-30TBM, 2013 WL 1881298, at *2 (M.D. Fla. May 3, 2013) (citing *Hawkins v. Condo. Owners Ass'n of Sand Cay, Inc.,* 2012 WL 4761357, at *5 (M.D.Fla. Oct.5, 2012)). Defendant also cannot recover the fees of its expert witness because Defendant provided no statutory authority to support such an award. *Parkes v. Hall*, 906 F.2d 658, 660 (11th Cir. 1990); *see also Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983) ("additional amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in cases in federal courts.").

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant J.B. Hunt Transport, Inc.'s Amended Motion for Taxation of Costs (Doc. 48) is GRANTED IN PART.

2. The Clerk is directed to enter a Bill of Costs in the amount of $2,169.65 in Defendant J.B. Hunt Transport, Inc.'s favor and against Plaintiff Carl Jeffrey Payne, which shall accrue post-judgment interest at the legal rate from the date judgment was entered on March 27, 2017.

**DONE** and **ORDERED** in Tampa, Florida, this 2nd day of May, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record